PAUL L. REIN, Esq. (SBN 43053)
AARON M. CLEFTON, Esq. (SBN 318680)
REIN & CLEFTON, Attorneys at Law
200 Lakeside Drive, Suite A
Oakland, CA  94612
Telephone:     510/832-5001
Facsimile:     510/832-4787
info@reincleftonlaw.com

Attorneys for Plaintiff
JAMES KEEHN

LANE POWELL PC
Courtney McFate, State Bar No. 286094
Riley R. Moyer, State Bar No. 306790
mcfatec@lanepowell.com
moyerr@lanepowell.com
601 S.W. Second Avenue, Suite 2100
Portland, Oregon 97204
Telephone: 503.778.2100
Facsimile: 503.778.2200

Attorneys for Defendant
AMERICAN AUTOMOBILE
ASSOCIATION OF NORTHERN CALIFORNIA, NEVADA &
UTAH

GRANTED
[signature]
Judge Thomas S. Hixson

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES KEEHN<br><br>        Plaintiff,<br><br>        v.<br><br>AMERICAN AUTOMOBILE ASSOCIATION OF NORTHERN CALIFORNIA, NEVADA & UTAH,<br><br>        Defendant. | Case No. 4:22-cv-00031-TSH<br><u>Civil Rights</u><br><br>**JOINT STIPULATION OF DISMISSAL WITH PREJUDICE; ORDER THEREON**<br><br>Action Filed: January 4, 2022 |

- 2 -

**STIPULATION**

Plaintiff JAMES KEEHN ("Plaintiff") and Defendant AMERICAN AUTOMOBILE ASSOCIATION OF NORTHERN CALIFORNIA, NEVADA & UTAH ("Defendant"), by and through their undersigned counsel, hereby stipulate and request that pursuant to Federal Rules of Civil Procedure 41(a)(l)(A)(ii), the above-captioned action be dismissed with prejudice in its entirety. Each side shall pay its own attorneys' fees, costs, and expenses.

The parties have reached a separate confidential settlement agreement (the "Agreement"). As part of the Agreement, Defendant agrees to distribute the Service Animal Policy attached hereto as Exhibit A to all of its employees no later than thirty (30) calendar days after the effective date of the Agreement (the "Injunctive Relief").

Pursuant to General Order 56 subsection 9, the Parties request that the Court retain jurisdiction to enforce the Injunctive Relief. In the event Defendant does not enact the Injunctive Relief as specified herein, Defendant shall have 30 days to correct the deficiencies. After that time, Plaintiff shall be entitled to make a motion to enforce the Injunctive Relief as specified herein and shall be entitled to attorneys' fees and costs for any action to enforce the Injunctive Relief.

**IT IS SO STIPULATED.**

**END OF PAGE.
SIGNATURES CONTINUE ON THE NEXT PAGE AND ORDER IS AT THE END OF THE DOCUMENT.**

Dated:  May 3, 2022 REIN & CLEFTON

           <u>/s/ Aaron Clefton</u>
By:  AARON M. CLEFTON, ESQ.
Attorneys for Plaintiff
JAMES KEEHN

Dated:  May 3, 2022 LANE POWELL PC

           <u>/s/ Courtney McFate</u>
By:  COURTNEY McFATE, ESQ.
Attorneys for Defendant
AMERICAN AUTOMOBILE ASSOCIATION OF NORTHERN CALIFORNIA, NEVADA & UTAH

## FILER'S ATTESTATION

  Pursuant to Local Rule 5-1, I hereby attest that on May 3, 2022, I, Aaron Clefton, attorney with Rein & Clefton, received the concurrence of Courtney McFate in the filing of this document.

           <u>/s/ Aaron Clefton</u>
           Aaron Clefton

# EXHIBIT A

**Service Animals**

MWG abides by the public accommodation provisions of the Americans with Disabilities Act (ADA) and applicable state laws which apply to all businesses and organizations that serve the public, including our Branches and Emergency Roadside Services.

When an animal accompanies a Member, you may ask if the animal is a service animal or ask what tasks the animal has been trained to perform, but you cannot require special identification cards for the animal or ask about the Member's disability.  Members with disabilities who use service animals cannot be charged extra fees, isolated from other patrons, or treated less favorably than other patrons.

A Member with a disability cannot be asked to remove their service animal from the premises unless:

- The animal is not housebroken;

- The animal is out of control and the animal's owner does not take effective action to control it (for example, a dog that barks repeatedly or when unprovoked); or

- The animal poses a **direct threat** to the health or safety of others. A **direct threat** is a significant risk of substantial harm to the health or safety of others that cannot be eliminated or mitigated by a reasonable modification of practices or procedures or the provision of auxiliary aids or services.

    - Team Members must complete an **individualized assessment** when determining whether the service animal poses a direct threat based upon:

        a. Reasonable judgment that relies on current medical knowledge or on the best available objective evidence;

        b. The nature, duration, and severity of the risk;

        c. Probability that the potential injury will actually occur; and

        d. Whether reasonable modifications of policies, practices or procedures or provisions of auxiliary aids or services will mitigate the risk.

    - In the event that a direct threat has been established, based on the above factors, after reasonable efforts to mitigate the risks of the situation, you should give the Member with the disability the option to be served without having the animal in the premises/vehicle.

Service animals must be harnessed, leashed, or tethered, unless these devices interfere with the service animal's work or the Member's disability prevents using these devices. In that case, the Member must maintain control of the animal through voice, signal, or other effective controls.

MWG is not required to provide care or food for a service animal or provide a special location for the service animal to relieve itself.

If a Member brings in a non-service animal to a work location or vehicle, or if the service animal is not housebroken, out of control, or a direct threat as defined above, a Team Member may ask that the animal be removed. Please reach out to your Manager or Team Leader for assistance in handling these matters.